1

THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq.
18881 Von Karman Ave., Ste. 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: Cameron@sehatlaw.com

Attorney for Plaintiffs, Suzann Victoria Marino,
on behalf of the estate of Anthony Dean Marino
and Nathan Anthony Marino

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUZANN VICTORIA MARINO, individually and on behalf of the estate of ANTHONY DEAN MARINO; NATHAN ANTHONY MARINO, individually,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**VICTOR VALLEY COLLEGE DISTRICT FOUNDATION, INC.; COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive.**<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Unreasonable Search and Seizure-Detention and arrest (42 U.S.C. § 1983) (against defendant Victor Valley College District Foundation Inc., and DOES 1-6)**<br><br>2. **Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983) (against defendant Victor Valley College District Foundation Inc., and DOES 1-6)**<br><br>3. **Municipal Liability for Unconstitutional, Custom, Practice, or Policy (42 U.S.C. § 1983) (against defendant Victor Valley College District Foundation Inc., and DOES 1-6)**<br><br>4. **Battery (against defendant Victor Valley College District Foundation Inc., and DOES 1-6)**<br><br>5. **Negligence (against all defendants)** |

6. **Negligent training Against defendant Victor Valley College District Foundation Inc., and DOES 1-6**

7. **Deliberate Indifference to a Substantial Risk of Harm to Health (42 U.S.C. § 1983, 8th & 14th Am. of U.S. Constitution, and Ca. Gov. Code §845.6) Against all defendants**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Comes now, Plaintiffs, Suzann Victoria Marino, wife of Anthony Dean Marino, and Nathan Anthony Marino, son of Anthony Dean Marino, for their complaint against defendants Victor Valley College District Foundation Inc., County of San Bernardino, and DOES 1-10, and alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from defendants for violating various rights under the United States Constitution and state law in connection with the February 15, 2015 encounter between defendants Victor Valley College District Foundation Inc., County of San Bernardino, DOES 1-10 and Anthony Dean Marino.

2.     This case challenges the unjustified seizure, the application of an excessive amount of force, and the ensuing wrongful death of Anthony Dean Marino, hereinafter referred to as "DECEDENT", by Victor Valley College District Foundation Inc., County of San Bernardino, and DOES 1-10.  Anthony

Dean Marino was unarmed when, without warning, defendants stopped him, then proceeded to shoot him with a Taser gun resulting in the discharge of a lethal dose of electricity for a prolonged period of time. Defendants had no probable cause to believe that Anthony Dean Marino had threatened or in the process of threatening anyone's life with any force whatsoever.

3.     The use of force against Anthony Dean Marino, which ultimately killed him, was unconstitutional and violated clearly established law that would have been known to any reasonable law enforcement officer.

## PARTIES

4.     At all relevant times, Suzann Victoria Marino, ("SUZANN") was a resident of the County of San Bernardino, California.

5.     SUZANN at all relevant times was the wife of the decedent Anthony Dean Marino.

6.     At all relevant times, Nathan Anthony Marino, ("NATHAN") was a resident of the County of San Bernardino, California.

7.     NATHAN, at all relevant times, was the adult son of the decedent Anthony Dean Marino.

8.     At all relevant times, defendant County of San Bernardino ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

9.     At all relevant times, COUNTY was the employer of DOES 1 - 6 ("DOE OFFICERS"), who were Victor Valley College District Foundation Inc. ("COLLEGE") officers, and DOES 7 - 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of COLLEGE.

10.    At all relevant times, defendants DOE OFFICERS and DOE SUPERVISORS were duly authorized employees and agents of the COLLEGE and the COUNTY, who were acting under color of law within the course and scope of their respective duties as officers and with the complete authority and

ratification of their principal, defendant COLLEGE. Defendants DOE OFFICERS are sued in their individual capacities only.

11.     At all times relevant, defendants DOE OFFICERS (DOES 1 - 6)  and DOE SUPERVISORS (DOES 7 - 10) were duly appointed officers and/or employees or agents of COLLEGE, subject to oversight and supervision by COLLEGE's elected and non-elected officials.

12.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

13.     The true names of defendants DOE OFFICERS and DOE SUPERVISORS, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14.     In doing the acts and failing and omitting to act as hereinafter described, defendants DOE OFFICERS, and DOE SUPERVISORS were acting on the implied and actual permission and consent of COLLEGE.

## JURISDICTION AND VENUE

15.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in  County of San Bernardino, within the Central District of California.

///

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.     On or about February 15, 2015, at the location of 18422 Bear Valley Road, Victorville, California, DOE OFFICERS, wrongfully and unlawfully assaulted, beat and arrested/detained DECEDENT, or otherwise caused him harm. During the said arrest/detention DOE OFFICERS caused the DECEDENT to be seriously injured and ultimately killed him, by using excessive physical brute force on him and employing an excessive use of Taser on DECEDENT. The use of force, including the use of the Taser, was done in an unreasonable and excessive manner for an unreasonable period of time.

19.     At the time of the incident, DECEDENT constituted no threat to defendants which would give rise to an excessive use of Taser and for an unreasonable period of time. Although there was no legal cause, justification, or excuse for defendants to utilize the level of force on DECEDENT, causing severe injury and ultimate cardiac arrest, said defendants did so without any justification. Consequently, DECEDENT suffered, great pain, anguish and suffering until the moment of his death. DECEDENT died at a hospital from a cardiac arrest after the encounter with the DOE OFFICERS.

20.     DECEDENT was tased for a significantly longer period than the standard "5 second discharge". DOE OFFICERS were deliberately indifferent when they applied the taser directly over DECEDENT's heart in violation of their department's police procedure and against the taser manufacturer's recommended proper usage. Based upon the findings in the medical reports, DECEDENT suffered significant head injury which could have only resulted from the severe blows sustained to his head. DOE OFFICERS were deliberately indifferent to DECEDENT's health and safety when they recklessly failed to consider a more

effective detention tool and avoid causing serious injury and ultimate death with their prolonged Taser use. They were reckless and oblivious to the ineffectiveness of the Taser, and therefore, the continued and excessive use of the taser constituted nothing short of the malicious infliction of physical punishment and torture upon the DECEDENT.

21.     Upon the arrival of paramedics, DECEDENT's physical health had deteriorated to the point that he was dangerously non-responsive. Given the DECEDENT's critical condition, the paramedics had determined that the DECEDENT had been unresponsive for some time prior to their arrival; additionally, they made the following medical findings: DECEDENT had gone into cardio-respiratory arrest and oxygen had to be provided through a mechanical ventilator.

22.     While at the ER of Desert Valley Hospital, DECEDENT was diagnosed with the following: cardio-respiratory arrest, anoxic brain injury with anoxic encephalopathy with herniation and subarachnoid and subdural hemorrhage, pneumonia with streptococcus pneumonia, questionable sepsis, questionable systemic inflammatory response syndrome, questionable acute tubular necrosis, questionable acute respiratory failure, questionable acute myocardial infarction, his white blood count was elevated, he was showing evidence of acute renal failure, evidence of rhabdomyolysis and showed mild diffuse volume loss.

23.     As a result of the Taser application and the infliction of trauma, DECEDENT had obvious visible physical injuries, including labored breathing, and being non-responsive to physical, verbal or any other sensory stimuli . Despite these obvious injuries, County of San Bernardino DOE OFFICERS failed to render any emergency aid on their own, and delayed to summon immediate medical aid in deliberate indifference to DECEDENT's need for medical care.

24.     As a direct result of defendants' wrongful detention and arrest, excessive force, and cover-up, SUZANN suffers the loss of her husband's familial

relations including the severe pain and suffering, mental anguish, grief, humiliation, psychological trauma and emotional distress.

25.    As a direct result of defendants' wrongful detention and arrest, excessive force, and cover-up, NATHAN suffers the loss of his father's familial relations including the severe pain and suffering, mental anguish, grief, humiliation, psychological trauma and emotional distress.

**FIRST CLAIM FOR RELIEF**
**UNREASONABLE SEARCH AND SEIZURE-DETENTION AND ARREST**
**(42 U.S.C. § 1983)**
**(Against Defendants DOE Officers)**

26.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

28.    On February 15, 2015, DOE OFFICERS made contact with DECEDENT. When defendants first encountered DECEDENT, DECEDENT did not pose a threat to any of the officers, nor did the defendants see DECEDENT in possession of any illegal objects, contraband, or weapons.

29.    The conduct of DOE OFFICERS violated DECEDENTS's right to be free from unreasonable search and seizure, which is guaranteed to them by the Fourth Amendment to the Unites States Constitution and applied to state actors by their Fourteenth Amendment.

30.    The conduct of DOE OFFICERS in unreasonably seizing DECEDENT up to and including the tasing was malicious, oppressive and committed in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to these DOE OFFICERS.

31.     Defendants were integral participants and failed to intervene with respect to DOE OFFICERS' unreasonable seizure of DECEDENT despite the opportunity to do so.

32.     As a direct result of the unreasonable detention of DECEDENT, Plaintiffs have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, support of DECEDENT.

33.     As a direct result of the unreasonable detention of DECEDENT, he experienced severe pain and suffering and the loss of life for which he, by Plaintiffs, is entitled to recover damages.

## SECOND CLAIM FOR RELIEF
### UNREASONABLE SEARCH AND SEIZURE-EXCESSIVE FORCE
### (42 U.S.C. § 1983)
### (Against Defendants DOE Officers)

34.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.     The unjustified detention of DECEDENT by DOE OFFICERS and, the subsequent unjustified use of excessive force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him  under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     The actions of DOE OFFICERS deprived DECEDENT of  his right to be free from  state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

37.     As a result of the conduct of DOE OFFICERS, they are liable for Plaintiff, for the DECEDENT's injuries and death, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

38.     The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

39.     Accordingly, DOE OFFICERS each are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
### MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY (42 U.S.C. § 1983)
### (Against Defendants College, County and DOE Supervisors)

40.     Plaintiffs hereby repeat, re-state, and incorporates  each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     On and for some time prior to  February 15, 2015 (and continuing to the present date) defendants COLLEGE, COUNTY and DOE SUPERVISORS, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COLLEGE and COUNTY custom, policy, and practice of:

(a)     Employing and retaining as officers  and other personnel, including DOE OFFICERS, who defendants COLLEGE and DOE SUPERVISORS at all times material herein knew or reasonably should have known  had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COLLEGE policies and for using excessive force;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining COLLEGE officers , and other COLLEGE personnel, including DOE OFFICERS, who defendants COLLEGE and DOE  SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE OFFICERS, who are COLLEGE officers;

(d)     By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by COUNTY and DOE  SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiffs and DECEDENT.

42.     By reason of the aforementioned policies and practices of defendants COLLEGE, COUNTY and DOE SUPERVISORS, SUZANN and NATHAN experienced severe pain and suffering and the loss of their husband and father respectively,  for which they, are entitled to recover damages.

43.     Defendants COLLEGE, COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

44.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, defendants COLLEGE, COUNTY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the

well-being of DECEDENT and his constitutional as well as human rights. defendants COLLEGE, COUNTY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

45.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by defendants COLLEGE, COUNTY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

46.     Accordingly, defendants COLLEGE, COUNTY and DOE SUPERVISORS each are liable to Plaintiff's for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CLAIM OF RELIEF
### STATE CLAIM - BATTERY
### (Against Defendants DOES - 10, inclusive)

47.     Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.     Defendants DOE OFFICERS used physical force including but not limited to an excessive application and duration of the Tasing and handcuffing DECEDENT without legal justification or excuse, knowing full well that DECEDENT was unarmed and that he posed no threat to the officers or anyone else.

49.     Defendants intentionally, willfully and recklessly committed a battery on the person of DECEDENT, deliberately intending to cause severe injury to the person of DECEDENT  by needlessly employing the use of a Taser strictly as a measure of punishment.

50.     Defendants intentionally, willfully and recklessly committed a battery on the person of plaintiff's DECEDENT, deliberately intending to cause

severe injury to the person of DECEDENT by needlessly Tasing, and inflicting such a physical trauma upon his body to the point of death.

51.     As a proximate cause of the unlawful battery by defendants, DECEDENT was severely injured to the point of sustaining a fatal cardiac arrest, thereby causing plaintiff to sustain the losses and damages as alleged in this complaint.

52.     The intentional and reckless acts of defendants in committing a battery upon DECEDENT were willful, malicious, oppressive, and in conscious disregard of DECEDENT'S rights, thereby justifying an award of punitive or exemplary damages against defendants and in favor of plaintiffs.

### FIFTH CLAIM OF RELIEF
### STATE CLAIM - NEGLIGENCE
### (Against All Defendants)

53.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 52 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

54.     By virtue of the foregoing, defendants owed DECEDENT a duty of due care, and that duty was breached by defendants' negligence and failure to exercise due care in dealing with, using physical force including but not limited to the excessive and unreasonable use of a taser against him and brute force and trauma to the head, which proximately caused the DECEDENT's death on February 15, 2015.

55.     As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

### SIXTH CLAIM OF RELIEF
### NEGLIGENT HIRING, TRAINING AND RETENTION
### (Against Defendant College, County, and DOES 1 - 10, inclusive)

56.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 55 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

57.     Defendants COLLEGE, COUNTY and DOE SUPERVISORS possessed the power and authority to hire and fire employees of the COLLEGE and based upon information and belief and negligently hired defendant DOE OFFICERS as officers, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

58.     By virtue of the foregoing, defendants owed Plaintiffs a duty of due care, and that duty was breached by defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things:

a)     Failing to adequately train its officers in the use of force, specifically as it relates to the effective use and deployment of the taser, as well as constitutional limitations in the same use of force;

b)     Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not;

c)     Failing to adequately investigate background, training and experience as officers and their propensity to use excessive force when detaining a person;

d)     Failing to provide adequate supervisory control over the actions of its deputies in regard to adequate training, supervision, equipment, planning, oversight, and administration;

e)     Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its deputies;

f)  Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers;

g)  Failing to discipline its officers who use excessive and unreasonable force; and;

h)  Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

59.  As a direct and proximate cause of the aforementioned acts of defendants, plaintiff's DECEDENT was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

60.  By reason of the aforementioned policies and practices of defendants and DOES 1 - 10, plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

**SEVENTH CLAIM FOR RELIEF**
**Deliberate Indifference to a Substantial Risk of Harm**
**to Health and Safety (42 U.S.C. § 1983, 8th &14th Amendment of the U.S.**
**Constitution, and California Government Code §845.6)**
**(Against all Defendants)**

61.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.  From the time decedent was confronted at COLLEGE until the time of death, the defendants denied DECEDENT proper medical care in violation of his 8th and 14th Amendment constitutional rights.

63.  All defendants were aware that DECEDENT had an urgent medical need and required medical treatment.

64.  All of the defendants knew there was a substantial risk to DECEDENT's health if he went untreated, but repeatedly refused to treat him.

65.  As of the result of the delay of proper medical care, DECEDENT spent his time in unnecessary and excruciating pain, suffering in agony.

66.     The denial of medical treatment exacerbated DECEDENT's condition to the point where his life was placed in jeopardy.

67.     The defendants, by ignoring DECEDENT in this situation and by failing to provide proper medical attention, acted with deliberate indifference to a serious health condition and the medical needs of DECEDENT.

68.     If the decedent is deemed to be a convicted inmate, the defendants by their act of deliberate indifference in failing to provide medical care to treat the decedent's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Eighth Amendment of the Constitution.

69.     If the decedent is deemed to be a pretrial detainee, the defendants by their act of deliberate indifference in failing to provide medical care to treat the DECEDENT's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Due Process Clause of the Fourteenth Amendment of the Constitution.

70.     All defendants were deliberately indifferent to the serious medical needs of DECEDENT. It should be adequately clear that a reasonable officer would comprehend that by denying medical care, DECEDENT was exposed to undue suffering or threat of tangible residual injury, which, in the end, proved to be fatal. The defendants officers including DOES 1 thru 10, intentionally denied DECEDENT proper medical care by failing to treat, refer to a doctor, or transfer DECEDENT for proper care, causing him to unduly suffer before having cardiac arrest.

71.     Had the defendants and their employees, agents, and servants, not acted with deliberate indifference to the obvious and serious health needs of DECEDENT and provided proper medical attention, he would not have died.

72.     DECEDENT's death was easily avoidable.

73.     Such acts and omissions of the defendants violated DECEDENT's constitutional rights guaranteed under the Eighth and Fourteenth Amendments to

the United States Constitution. The defendants knew that by failing to treat the DECEDENT from the effects of a Taser, additional serious injury would occur.

74.     Additionally, defendants failed to perform their mandatory duty under California Government Code § 845.6 to provide medical care to decedent even though defendants had actual or constructive knowledge that the decedent was in need of medical care for decedent's serious medical condition comprising of cardiac arrest and Plaintiffs Suzann Victoria Marino and Nathan Anthony Marino are authorized to maintain this cause of action.

75.     Accordingly, defendants each are liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against defendants COLLEGE, COUNTY, and DOES 1-10, inclusive, as follows:

For compensatory damages and interest, in an amount no less than $10,000,000;

b.  For punitive damages against individual defendants in an amount to be proven at trial;

c.  For funeral and burial expenses to be determined according to proof at trial;

d.  For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

d.  For such further relief as the Court may deem just, proper, and appropriate.

DATE: July 28, 2015                    THE SEHAT LAW FIRM, PLC

By:_____

Cameron Sehat,
Attorney for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial.

3

4

5

6     DATE: July 28, 2015                    THE SEHAT LAW FIRM, PLC

7

8                                            By:_____

9                                               Cameron Sehat,
                                                Attorney for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA** )
**COUNTY OF ORANGE** )

I am employed in the County of ORANGE, State of California, I am over the age of eighteen years and not a party to the within-entitled action: my business address is: 18881 Von Karman Ave., Ste. 850, Irvine, California 92612

On July 29, 2015, I served the foregoing document described as:

### COMPLAINT FOR DAMAGES

To all interested parties in this action as follows:

Victor Valley College Dist.-
Foundation, Inc.
18422 Bear Valley Road
Victorville, CA 92395

County of San Bernardino
Att: Risk Management
222 W. Hospitality ln., 3rd Fl.
San Bernardino, CA 92415

__X__ **BY MAIL**

_____ I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

__X__ I caused such envelope to be deposited in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

_____ **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

__X__ **STATE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 29, 2015 at Irvine, California.

Pedram Rejaei _____

1
**PROOF OF SERVICE**